## CHARLESTON.

MAYHALL *v.* BACHMAN, *et al.*

(No. 6602)

Submitted April 15, 1930.  Decided April 22, 1930.

*E. H. Yost,* for plaintiffs in error.
*A. C. Chapman,* for defendant in error.

WOODS, JUDGE:

This is an action by Amanda Mayhall, landlord, on a bond, given by A. L. Bachman, principal, and Alex Bachman, surety, the former being a judgment creditor of W. P. Hall and Martha Hall, lessees of a certain dwelling owned by Amanda Mayhall. By it the landlord seeks to recover an amount equal to the proceeds, $103.08, derived from a sale of personal property belonging to the lessees made on February 16, 1929, by N. S. Postlethwait, constable, under an execution to satisfy the judgment of A. L. Bachman. A copy of a distress warrant, issued at the instance of the landlord, was placed in the hands of the constable on the day of, and prior to, the sale aforesaid. The constable, before proceeding with the sale, required A. L. Bachman to give bond as provided by section 2, c. 107, Code. Judgment was entered for the plaintiff in the justice's court. The circuit court, sitting in lieu of a jury, found for the plaintiff on appeal. Defendants bring error.

The last rent was paid the landlord on August 3, 1928. According to the stipulation filed in the case, the property was

still on the premises up to within thirty days from the date of the issuance of the distress warrant. From this it appears that the plaintiff was entitled to more rent, at $38 per month, than the property brought on the constable's sale. Under the statute (chapter 93, Code, § 12), the property so sold was liable first for the rent, so the landlord was entitled to have the money turned over to her to apply on the accrued rent. The defendants question the right of the plaintiff to an item of $20, which the justice's docket shows was paid to the Maytag Washing Machine Company. The constable testifies that it was paid as a balance due on the washing machine sold at the sale. There is no evidence to show a reservation of title, or that the company had any sort of lien, prior in dignity to that of the plaintiff's right to distrain for rent.

It appears from certain proffered testimony that Martha Hall filed petition on July 6, 1928, for voluntary bankruptcy. While the defendants sought to make much of this petition, the circuit court held the same to be incompetent. We are of opinion that the court was correct in its ruling.

Under the case made, we are of opinion that the trial court was clearly right, and the judgment entered on his finding is therefore, affirmed.

*Affirmed.*